## Sunday v. Humbert Coal Company

*H. R. Edwards,* for plaintiff; *R. W. Rymer,* for defendant.

LEWIS, J., June 20, 1934.—There are two questions involved in this case: First, was the summons legally served upon the defendant? Second, was the certiorari taken in time?

The record shows a service of the summons to have been made by James H. Cook, constable of the first ward of Dickson City, and the return upon the summons is as follows:

"Lackawanna County, ss.:

"I served the within summons upon the within-named Edward Loftus, Humbert Coal Company, Jessup, Pa., on November 21, 1933, by handing a true and attested copy thereof to an adult member brother family at Humbert Coal Company's dwelling house.

"So answers JAMES H. COOK."

The return does not appear to have been sworn to by the justice of the peace.

The Act of Assembly of July 9, 1901, P. L. 614, as amended by the Act of April 3, 1903, P. L. 139, prescribes the method by which a summons or other writ shall be served upon a corporation. Section 2 (a) provides that a summons may be served upon a corporation "By handing a true and attested copy thereof to the president, secretary, treasurer, cashier, chief clerk, or other executive officer, personally;" or, as provided in paragraph (e) of said section, it may be served,

"By handing an attested copy thereof, at any of its offices, depots, or places of business, to its agents or persons for the time being in charge thereof, if upon inquiry thereat the residence of one of said officers within the county is not ascertained, or if from any cause an attempt to serve at the residence given has failed;"

If the service in this case has not been made in compliance with one or the other of the provisions of the act of assembly, it is defective. It appears to have been served upon Edward Loftus, a brother of the executive officer of the defendant company, which is not in compliance with the act of assembly. There was no appearance; therefore the defect in jurisdiction has not been waived. There was a motion taken within 20 days, as required under section 21 of the Act of March 20, 1810, 5 Sm. L. 161. This motion would prevail if the justice of the peace had jurisdiction in the premises.

Hence we are constrained to sustain the first and second exceptions filed to the writ of certiorari.

The 20 days' limitation does not apply to cases in which the justice has no jurisdiction, either of the parties or the subject matter, and he has no jurisdic-

298

tion of the former when they are not legally summoned: Minogue v. Ashland Borough, 14 Dist. R. 464.

Now, therefore, June 20, 1934, the rule taken to quash the certiorari is denied, and the judgment is reversed.